IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RODERICK T. ALLEN, #N94327, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-00725-GPM |
| | ) | |
| RICHARD HARRINGTON, | ) | |
| | ) | |
| **Defendant.** | ) | |

**ORDER**

**MURPHY, District Judge:**

Plaintiff Roderick T. Allen is currently in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center.  On July 24, 2013, Allen , proceeding *pro se*, filed his "Emergency Law Suit," which the Court will generously construe as a civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1).  He alleges that Warden Richard Harrington has refused to respond to the five emergency grievances he filed during the week beginning July 15, 2013.  Allen has been told that gangs believe he is an informant and have ordered that he be killed on sight—possibly at the instigation of prison staff who have been unsuccessful in their attempts to kill Plaintiff. Although Plaintiff has been in segregation, he has still faced threats, so he demands to be single-celled.  Nevertheless, he has been assigned a cellmate(s), prompting Plaintiff to initiate a hunger strike in an effort to gain the attention of prion officials.  This tactic has been unsuccessful, as Plaintiff complains that he has been unable to get a "ranking official" to acknowledge his hunger strike.  Plaintiff fears for his life.  He prays that he always be single-celled, that he receive a permanent transfer from Menard, that his medical records be changed to properly reflect that he refused a TB test (because prison staff previously gave him a poisoned TB test), and that his legal papers and personal property be returned to him.

The complaint is currently undergoing threshold review pursuant to 28 U.S.C. § 1915A, so service of summons and the complaint has not commenced.  Out of an overabundance of caution, the Court will further construe the Complaint as containing a motion for temporary restraining order ("TRO").

A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2).  A TRO may issue without notice *only* if:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED.R.CIV.P. 65(b)(1).

Without expressing any opinion on the merits of Plaintiff's complaint, the Court is of the opinion that a temporary restraining order is not warranted.  Plaintiff's allegations do not clearly demonstrate the likelihood of immediate and irreparable harm before Defendant can be heard. Plaintiff offers no details about when he was previously attacked by staff or when he learned that there was a gang "hit" on him.  He offers only bare assertions and conclusory statements. Insofar as he wants to be single-celled, he refers only to his fear of "mistakes in housing." This is an insufficient basis upon which to base such an extraordinary remedy.

Accordingly, Plaintiff's motion for issuance of a temporary restraining order or preliminary injunction (Doc. 2) is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED: July 25, 2013**

s/ *G. Patrick Murphy*
**G. PATRICK MURPHY**
**UNITED STATES DISTRICT JUDGE**

2