**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RODERICK T. ALLEN, #N94327,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-725-GPM |
| | ) |
| **RICHARD HARRINGTON,** | ) |
| | ) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Roderick T. Allen is currently in the custody of the Illinois Department of Corrections, housed at Menard Correctional Center. On July 24, 2013, Allen, proceeding *pro se*, filed his "Emergency Law Suit" (Doc. 1), which the Court generously construed as a civil rights action pursuant to 42 U.S.C. § 1983 in order to establish jurisdiction over Plaintiff's motion for a temporary restraining order (*see* Doc. 5). By Order dated July 25, 2013, the motion for a temporary restraining order was denied without prejudice (Doc. 5). This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557.

**<u>The Complaint</u>**

Plaintiff alleges that Warden Richard Harrington—the only named defendant—has refused to respond to the five emergency grievances he filed during the week beginning July 15, 2013. This is the only allegation made relative to Harrington. In order to put this claim in context, the issues presented in Plaintiff's administrative grievances must be understood.

Plaintiff Allen has been told that gangs believe he is an informant and have ordered that he be killed on sight—possibly at the instigation of prison staff who have been unsuccessful in their attempts to kill Plaintiff. Although Plaintiff has been in segregation, he has still faced threats, so he demands to be single-celled. Nevertheless, he has been assigned a cellmate(s), prompting Plaintiff to initiate a hunger strike in an effort to gain the attention of prion officials. This tactic has been unsuccessful, as Plaintiff complains that he has been unable to get a "ranking official" to acknowledge his hunger strike. Plaintiff fears for his life.

In the complaint, Plaintiff prays that he always be single-celled, that he receive a permanent transfer from Menard, that his medical records be changed to properly reflect that he refused a TB test (because prison staff previously gave him a poisoned TB test), and that his legal papers and personal property be returned to him. Thus, he seeks only injunctive relief, not monetary damages.

**Analysis**

The only allegation made against Warden Richard Harrington is that he refused to respond to the five emergency grievances filed by Plaintiff during the week beginning July 15, 2013.

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause of the Fourteenth Amendment. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson,* 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith,* 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996). The theory that any official who has been made aware of a prisoner's problem has a duty to fix it, is in direct conflict with the well-established rule that "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009) (a plaintiff cannot create liability on the part of an official who has no direct involvement in the matter, merely by writing a letter of complaint). *See also Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (doctrine of *respondeat superior* does not apply to Section 1983 actions). However, the particular circumstances of this action are bit unusual.

In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. 20 Ill. Admin. Code § 504.840(a). S*ee also* Doc. 1, p. 6. If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating

to him which course he has decided is necessary after reading the grievance. 20 Ill. Admin. Code § 504.840(b). Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the Administrative Review Board ("ARB") on an expedited basis. 20 Ill. Admin. Code § 504.850(g).

To state an Eighth Amendment claim for failure to protect, a plaintiff must allege that (1) he was incarcerated under conditions posing a substantial risk of serious harm, and (2) the defendant acted with deliberate indifference to that risk. *See Farmer v. Brennan,* 511 U.S. 825, 834, 837 (1994); *Dale v. Poston,* 548 F.3d 563, 569 (7th Cir. 2008). Nowhere in this complaint, does Plaintiff allege that Harrington was or could have been personally involved in the alleged failure to protect him. There is no indication that Harrington personally ignored Plaintiff's forewarning grievances. There is in short, no cognizable "deliberate indifference." There could be some scenario wherein the warden was involved here, but such a "maybe" cannot legitimately be extrapolated from Plaintiff's complaint. Notably, Plaintiff does not mention whether he has attempted to complete the administrative process by appealing. He has failed to state a cognizable claim and the action will be **DISMISSED with prejudice.**

**Disposition**

Plaintiff's Eighth Amendment failure to protect claim against Defendant **RICHARD HARRINGTON** states no cause of action and is **DISMISSED.** Plaintiff is ADVISED that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall CLOSE THIS CASE and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** August 22, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge